CROUSER, APPELLANT, *v.* CROUSER, APPELLEE.

[Cite as Crouser *v.* Crouser (1988), 39 Ohio St. 3d 177.]

(No. 87-1167—Submitted May 25, 1988—Decided October 26, 1988.)

*Coffman, Lewis, Graham, Watson, Vinsel & Erhard Co., L.P.A., Mark A. Watson, Robert P. Graham, Graham, McClelland, McCann & Ransbottom Co., L.P.A.,* and *Jeffrey A. Hooper,* for appellant.

*Hobday & Piper* and *John D. Hobday,* for appellee.

MOYER, C.J. This appeal presents one issue for review—whether a court of common pleas has jurisdiction under Civ. R. 60(B)(4) or 60(B)(5) to vacate a periodic alimony award, which has been litigated, ordered by the trial court and incorporated into a divorce decree.

This case can be characterized as a choice between use of substantive law adopted by the General Assembly through R.C. 3105.18 and 3105.65, and use of a procedural mechanism provided by this court under Civ. R. 60(B)(4) and (5). We have consistently held that when the General Assembly expresses its intent, procedural rules may "not abridge, enlarge, or modify any substantive right." Section 5(B), Article IV of the Ohio Constitution; *State* v. *Slatter* (1981), 66 Ohio St. 2d 452, 454, 20 O.O. 3d 383, 385, 423 N.E. 2d 100, 102. The issue before us—modification of a periodic alimony award—falls within that body of law traditionally denominated as substantive, since the authority to grant or modify an alimony award in a divorce proceeding is provided under R.C. 3105.18. The standards or requirements established by the General Assembly under this substantive law will control since the legislature has specifically provided, by statute, mechanisms for review and modification of periodic sustenance alimony awards. In contrast, Civ. R. 60(B)(4) is a pro-

cedural mechanism which allows parties to seek relief from judgments that are unmodifiable through substantive law.

At the time of the Crouser divorce decree, July 3, 1985, R.C. 3105.18(C) permitted either party to petition the trial court for modification of a periodic alimony award based on changed circumstances exclusively in an "alimony only" proceeding.[1]

In an analogous situation, under R.C. 3105.65, the marriage dissolution statute, the trial court had no authority to modify its award of alimony whether periodic or indefinite. In 1975, the General Assembly removed the language that authorized courts to modify periodic alimony awards in dissolution decrees. *Knapp* v. *Knapp* (1986), 24 Ohio St. 3d 141, 144, 24 OBR 362, 364, 493 N.E. 2d 1353, 1356. This statutory restriction on the courts' apparent power to modify alimony awards led to a number of decisions by appellate courts and this court which appear inconsistent, but which resolve themselves into two functional categories.

In one category, the courts continued to have jurisdiction over alimony awards when the matter was litigated rather than agreed to by the parties, and when the award was incorporated into a divorce decree. In such cases, the court retained authority to modify the alimony award. *McClain* v. *McClain* (1984), 15 Ohio St. 3d 289, 15 OBR 421, 473 N.E. 2d 811, limiting *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 75 O.O. 2d 474, 350 N.E. 2d 413; *Norris* v. *Norris* (1982), 13 Ohio App. 3d 248, 13 OBR 310, 469 N.E. 2d 76; *Popovic* v. *Popovic* (1975), 45 Ohio App. 2d 57, 74 O.O. 2d 94, 341 N.E. 2d 341. In the other category, if the alimony settlement was the result of an agreement between the parties, then the court had no continuing jurisdiction to modify the alimony award unless the court had expressly reserved jurisdiction to modify in the decree.[2] See *Alban* v. *Alban* (1981), 1 Ohio App. 3d 146, 1 OBR 454, 439 N.E. 963.

Thus, in July 1985, the trial court was authorized only to review "alimony only" awards under statutory authority and through case law in situations of a divorce decree or where the dissolution expressly granted the court such authority. In this case, there was neither an "alimony only" award nor a provision in the divorce decree giving the trial court review authority.

Nevertheless, the plaintiff may have her case reviewed by an appellate court as of right. This she did. The court of appeals affirmed the trial court finding no merit to her assignment of error, thereby denying plaintiff's request to vacate the periodic award in favor of an indefinite sustenance alimony award. Plaintiff then petitioned the trial court to modify that same judgment pursuant to Civ. R. 60(B)(4) or (5).

---

[1] R.C. 3105.18(C) provided:

"In an action brought solely for an order for alimony under section 3105.17 of the Revised Code, any continuing order for periodic payments of money entered pursuant to this section is subject to further order of the court upon changed circumstances of either party."

[2] This separate treatment of decrees has become unnecessary with the passage of amended R.C. 3105.18, which is uniformly applicable to both divorce decrees and dissolutions of marriages determined on or after May 2, 1986. Dorothy Crouser's July 1975 divorce decree is not dependent on amended R.C. 3105.18, which became effective May 2, 1986.

A review of the cases interpreting Civ. R. 60(B)(4) and (5) convinces us that the facts presented by plaintiff are insufficient to warrant relief under the Civil Rule.

In the case at bar, plaintiff is attempting to use a procedural mechanism to set aside a final judgment. In order for the plaintiff to succeed under Civ. R. 60(B)(4), she must show that "* * * it is no longer equitable that the judgment should have prospective application." Of importance here are the words "no longer," referring to the change in condition that is required to make continued enforcement of the judgment inequitable. Moreover, Civ. R. 60(B)(4) was designed to provide relief when those changed circumstances were not foreseeable, and not within the control of the parties. See *Wurzelbacher* v. *Kroeger* (1974), 40 Ohio St. 2d 90, 92, 69 O.O. 2d 440, 441-442, 320 N.E. 2d 666, 667-668.

The purpose of Civ. R. 60(B)(4) is to relieve a party from a judgment that will clearly result in an inequitable burden to that party because of unforeseen circumstances, and for which inequity there exists no other means of review.

In the case at bar, judgment was entered on July 3, 1985, after the parties had presented testimony and evidence. This evidence included a letter, dated October 5, 1984, from Dorothy's psychiatrist, Dr. Smith, which indicated that she was unable to work at that time due to depression caused by the impending divorce. Dr. Smith characterized her as responding only marginally to medication and psychotherapy, and that considering the length of time she had been under treatment (first in 1982, then continuously from October 1983 to October 1984, and again in June 1985), given such minimal improvement, he must consider the prognosis rather poor for total rehabilitation. This was

the basis upon which the trial court ordered the alimony award. The fact that Dr. Smith was surprised to find Dorothy's condition *unchanged* one year after he had last seen her does not satisfy the subsequent change of "circumstances which they had no opportunity to foresee or control" necessary to vacate a judgment within the meaning of Civ. R. 60(B)(4). *Knapp* v. *Knapp, supra,* at 146, 24 OBR at 365, 493 N.E. 2d at 1356.

Plaintiff's request for relief from the divorce decree spanned a period of ten months. Not satisfied with the trial court's award of periodic alimony rather than an award of indefinite duration, she sought relief by appealing as of right to the court of appeals. Within four months of the appellate court decision denying her request for relief, plaintiff filed her motion to vacate under Civ. R. 60(B)(4) and (5). This is clearly a case in which a litigant, being dissatisfied with the results after utilizing the substantive law, resorts to a procedural mechanism in order to circumvent the judgment. Simply stated, the plaintiff did not meet the requirements under Civ. R. 60(B) set forth in *Wurzelbacher* v. *Kroeger, supra,* and *Knapp* v. *Knapp, supra,* that her condition has changed because of factors unforeseeable and not within her control.

In *Knapp* v. *Knapp, supra,* a situation analogous to the one herein, we held that Civ. R. 60(B)(4) was not intended to permit relief from an alimony award freely entered into by an agreement of the parties in a dissolution proceeding. We premised our decision on several grounds: first, on the clear intent of the General Assembly in 1975 whereby the phrase "and periodic alimony payments" was deleted from R.C. 3105.65, and thereby removed the court's authority to modify; and second, on the principles by which the courts attempt to reach an equitable

balance between finality of judgments and perfect results. In *Knapp* we found that Civ. R. 60(B) strikes a balance between the competing principles by vesting the courts with broad, but not unlimited, authority to set aside judgments. This is necessary in order to provide "certainty in the law and public confidence in the system's ability to resolve disputes." *Knapp, supra,* at 145, 24 OBR at 364, 493 N.E. 2d at 1356.

Plaintiff would have us distinguish the *Knapp* case for the sole reason that *Knapp* dealt with a separation agreement and therefore a contractual relationship of the parties which could not be set aside by the court. We disagree. While it is true that Dorothy Crouser's was a periodic alimony award granted pursuant to a litigated divorce, the General Assembly has manifested its intent to eliminate any distinction between the two types of divorce decrees. The fact that the General Assembly under the old code section made no provision for the review and modification of her alimony award at the trial court level did not eliminate plaintiff's right to appellate review based on substantive law. Plaintiff had her day in court and an opportunity to have that judgment reviewed. The mechanism for review and modification of an alimony award is properly under the substantive law of R.C. 3105.18. Civ. R. 60(B)(4) is a procedural mechanism that should be reserved for relief when parties have no substantive remedy available to them for the review of judgments, and where the parties' circumstances have indeed changed sufficiently to make prospective application inequitable.

The court of common pleas is therefore ordered to reinstate the alimony award determined in the July 3, 1985 divorce decree.

*Judgment affirmed.*

SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs separately.

LOCHER, J., concurs in judgment only.

DOUGLAS, J., concurring. While I concur with the majority in affirming the judgment of the court of appeals, I write separately to express concerns.

It is my judgment that discussing amended R.C. 3105.18 and 3105.65 in connection with this case will cause unwarranted confusion. The portions of these sections discussed do not apply to the case before us because only divorces and dissolutions determined on or after May 2, 1986, are impacted by the amended statute. The divorce in question was final on July 3, 1985. Thus, the statute and the case law then in effect are all that is pertinent to the resolution of the case at bar.

Likewise, I am concerned with the mixing of case citations of divorce cases with dissolution cases. They stand for different propositions and each case was dependent on the statutory language in effect at the time of decision and the type of marriage termination involved.

As an example, *Knapp* is not, as stated by the majority, "* * * a situation analogous to the one herein * * *." *Knapp* involved a dissolution. The case presently before us involves a divorce. Only case law, then in effect, involving divorce and the statute in effect at the time of the divorce are pertinent. In addition, the discussion involving "alimony only" is clearly out of place. The statute referred to provides for a separate cause of action called "for alimony only." It has nothing to do with alimony in a divorce or dissolution setting.

Herein the defendant-appellee was, on July 3, 1985, ordered to pay

appellant alimony in the sum of one hundred dollars per week for a period of two years. The amount required to be paid is clearly a definite amount ($100 x 52 x 2). The award was for sustenance and was separate and apart from the property settlement. The trial court did not specifically reserve jurisdiction over the award. Accordingly, the law to be applied is found in *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 419, 75 O.O. 2d 474, 485, 350 N.E. 2d 413, 426, wherein the court said:

"In summary, we hold, therefore, that where an alimony award is for support only, *is for an indefinite amount,* and where there is no property settlement, or if there is such a settlement, the support award is independent thereof, the jurisdiction of the court to modify will be implied in the decree * * *." (Emphasis added.)

Since the amount to be paid by appellee is a *definite* amount and jurisdiction to modify was not reserved, there is no authority to modify. Appellant's remedy was by way of direct appeal. She afforded herself that right and lost. Civ. R. 60(B) is not to be used as a substitute for appeal nor is it designed to set aside judgments that have been initially fully and fairly litigated. To permit a collateral attack on such a judgment by using Civ. R. 60(B) would be to encourage neverending litigation.

It is curious that the pertinent case law governing this case is not even cited by the majority. Accordingly, I concur in the judgment.