OPINION
Defendant Carl D. Sidwell appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Muskingum County, Ohio, which overruled his motion for relief from judgment brought pursuant to Civ.R. 60(B) and found him in contempt for failure to comply with the court's order requiring him to pay spousal support. Appellant assigns eight errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. (1)
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE DEFENDANT WAS NOT ENTITLED TO RELIEF UNDER CIVIL RULE 60(B)(4) BECAUSE "IT IS NO LONGER EQUITABLE THAT THE JUDGMENT SHOULD HAVE PROSPECTIVE APPLICATION . . ."
ASSIGNMENT OF ERROR NO. (2)
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE CANCELLATION OF THE SIDWELL BROTHERS' CONTRACT WITH AEP WAS AN EVENT THAT DEFENDANT HAD THE OPPORTUNITY TO FORESEE.
ASSIGNMENT OF ERROR NO. (3)
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT MISAPPLIED THE TEST OF `FORESEEABILITY' TO THE FACTS OF THIS CASE.
ASSIGNMENT OF ERROR NO. (4)
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT DEFENDANT HAD NOT BROUGHT HIS MOTION FOR RELIEF FROM JUDGMENT UNDER CIVIL RULE 60(B) WITHIN A REASONABLE TIME.
ASSIGNMENT OF ERROR NO. (5)
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CONSIDER THE EQUITIES TO THE PARTIES IN REACHING ITS DECISION AND FAILED TO GRANT DEFENDANT RELIEF UNDER CIV. R. 60(B)(5).
ASSIGNMENT OF ERROR NO. (6)
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO FIND THAT THE CONTINUATION OF A DECREE REQUIRING DEFENDANT TO PAY $48,000 PER YEAR IN SPOUSAL SUPPORT WHEN HE RECEIVES ONLY $46,000 PER YEAR IN GROSS WAGE INCOME IS UNCONSCIONABLE AGAINST PUBLIC POLICY.
ASSIGNMENT OF ERROR NO. (7)
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THE DEFENDANT IN CONTEMPT FOR FAILURE TO PAY HIS SPOUSAL SUPPORT OBLIGATION SINCE DECEMBER OF 1995.
ASSIGNMENT OF ERROR NO. (8)
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE DEFENDANT COULD SUBSTANTIALLY COMPLY WITH HIS SPOUSAL SUPPORT OBLIGATION DURING 1996 AND 1997 WHEN HIS GROSS INCOME FROM WAGES WAS LESS THAN HIS ANNUAL SPOUSAL SUPPORT OBLIGATION.
The record indicates these parties were divorced in May of 1984. They had entered into a separation agreement which provided appellant would pay appellee Barbara A. Sidwell $4,000.00 per month in spousal support until she dies, remarries, or cohabits. The agreement between the parties provided the obligation for spousal support would not be modifiable by the court for any reason. The parties agree appellee has not died, remarried, or cohabited. The parties also agree appellant paid spousal support to appellee until December of 1995. On October 1, 1996, appellee moved the court to find appellant in contempt for failure to pay his spousal support obligation. At that point in time, appellant filed his motion for relief from judgment.
At the hearing, appellant presented evidence he is a shareholder in Sidwell Brothers, Inc., a family-owned company, with which he has been associated for more than 30 years. At the time of the divorce, appellant was making approximately $200,000.00 per year. In 1990, a major contractor of Sidwell Brothers, Inc. terminated its contract with the company. Appellant asserted the loss of this contract greatly reduced his company's revenue, and his income, as well as the incomes of the other officers of the company declined proportionately. Appellant testified his 1996 wages were approximately $46,000.00, although evidence was presented appellant had other income, including income from loans received from the company. Appellant also transferred more than $100,000.00 to his Merrill Lynch Cash Management account during the 1996 calendar year. Appellant argued he was unable to pay his spousal support obligation, while appellee urged the evidence demonstrated he was able to pay, and also, that the agreement between the parties, which had been adopted by the trial court into their decree of divorce, did not permit any modification.
 I, II, III, IV, V, and VI
In GTE Automatic Electric, Inc. v. ARC Industries,Inc.(1976), 47 Ohio St.2d 146, the Ohio Supreme Court held:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 Syllabus by the court, paragraph 2.
Civ. R 60(B)
 Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reasons justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1)(2)and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend it operation.
Appellant brought his motion pursuant to Civ.R. 60(B)(4), arguing it was no longer equitable for appellant to be bound by the judgment requiring him to pay spousal support in an amount he argues is in excess of his yearly income. Appellant cites us toCrouser v. Crouser (1988), 39 Ohio St.3d 177.
In Crouser, the Ohio Supreme Court reviewed a judgment of the Muskingum County Court of Common Pleas in an action brought pursuant to Civ.R. 60(B)(4) and(5), attempting to modify a periodic alimony award. The Supreme Court examined the question of when it is no longer equitable that a judgment should have prospective application. The Supreme Court found the purpose of Civ.R. 60(B) is to relieve a party from a judgment clearly resulting in inequity because of unforeseen circumstances, and for which there is no other means of review, Crouser at 180. The Supreme Court noted Knapp v. Knapp (1986), 24 Ohio St.3d 141, earlier held Civ.R. 60(B)(4) was not intended to permit relief from an alimony award freely entered into in an agreement of the parties in a dissolution proceeding. In Knapp, the Supreme Court found Civ.R. 60(B) is intended to strike a balance between the competing principles of finality of judgments versus flexibility of the system's ability to resolve disputes, Knapp at 145.
In Wurzelbacher v. Kroeger (1974), 40 Ohio St.2d 90, the Ohio Supreme Court noted Civ.R. 60(B) relief is appropriate where circumstances occur which were neither foreseeable nor within control of the parties.
Appellee points out R.C. 3105.18 provides a court does not have jurisdiction to modify the amount or the terms of the spousal support order unless the court specifically retains jurisdiction. The court must also find a change in circumstances of one or both of the parties.
We find the court did not err in finding these circumstances were foreseeable when the parties entered into the separation agreement, and we also find the parties could have agreed that the court retained jurisdiction over the award in order to adjust for circumstances such as the one that has occurred. Because the parties did not agree to vest the court with continuing jurisdiction, the court lost jurisdiction to modify the terms of the spousal support provision.
Further, Rule 60(B) requires a movant to bring the matter to the court's attention within a reasonable time after entry of the judgment. Here, appellant did not bring this matter to the court's attention at the time he first allegedly began experiencing difficulties, and only filed his motion for relief from judgment after appellee filed her motion for show cause. Further, there was evidence, which, if believed by the trial court, would entitle the court to find appellant had failed to demonstrate he was unable to discharge his support obligation.
The first, second, third, fourth, fifth, and sixth, assignments of error are each overruled in whole.
 VII and VIII
Appellant argues the trial court should not have found him in contempt for failure to pay his spousal support since December of 1995, because the court found he could substantially comply with the order. Appellant asserts he cannot be held in willful contempt for failure to pay an obligation where it is impossible for him to do so. Because we find, supra, the court could find appellant was able to comply with the spousal support obligation, we find the court did not err in finding appellant in contempt for failure to do so.
The seventh and eighth assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Muskingum County, Ohio, is affirmed.
By Gwin, J., Farmer, P.J., Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Muskingum County, Ohio, is affirmed. Costs to appellant.