OPINION
{¶ 1} Defendant-appellant David R. Kiehborth ("husband") appeals the March 29, 2002 Judgment Entry/Ruling on Objections entered by the Delaware County Court of Common Pleas, overruling his objections to the magistrate's decision to sustain the Civ.R. 60(B) Motion for Relief from Judgment filed by plaintiff-appellee Amy K. Kiehborth ("wife"). Husband also appeals the March 29, 2002 Judgment Entry/Decree of Divorce, changing his obligations under the original Judgment Entry/Decree of Divorce filed February 25, 2001, which the trial court vacated after adopting the magistrate's decision to sustain wife's Civ.R. 60(B) motion.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} Husband and wife were married on March 15, 1975. Five children were born as issue of said union, two of whom are now emancipated. Wife filed a Complaint for Divorce in the Delaware County Court of Common Pleas on July 16, 1998. Husband filed a timely Answer and Counterclaim on July 21, 1998.
 {¶ 3} On March 31, 1997, husband opened a line of credit with Huntington National Bank ("HNB") with a credit limit of $300,000. Husband used approximately $182,000 of those funds to pay off a line of credit with Star Bank. By July, 1998, the balance with HNB was in excess of $270,000. After the parties defaulted on the line of credit, HNB filed a collection action in the Franklin County Court of Common Pleas. HNB obtained judgment against the parties and promptly served an Order and Notice of Garnishment to attach any and all Dean Witter accounts belonging to the parties. Two Dean Witter accounts existed, one in the approximate amount of $33,000, which was in wife's name and represented money she had received as an inheritance. The second account was jointly owned by the parties and had a balance of approximately $42,000. Dean Witter advised the Franklin County Court it had the funds and was prepared to pay them into the court. Wife filed exceptions to the garnishment, which the magistrate overruled. Wife filed objections to the magistrate's decision, however, the trial court did not rule on the objections. Dean Witter subsequently placed the funds in an interest bearing account, pending the Franklin County Court's decision on the objections.
 {¶ 4} Over several days in December, 1999, and February, 2000, the magistrate conducted a trial in the instant action. The magistrate issued an Order on February 8, 2000, ordering Dean Witter to release the balance of the funds in the parties' joint account to the Delaware Clerk of Courts. On February 17, 2000, the magistrate filed an additional order, ordering Dean Witter to release the balance of the funds in wife's sole account to the Clerk of Courts. The parties reached a settlement on February 22, 2000. As part of the settlement agreement, wife was awarded the funds from both of the accounts. The magistrate issued an Order on February 23, 2000, ordering Dean Witter to release the balance of the funds in wife's sole account to Beverly Farlow, wife's former counsel, via wire transfer.[1]
 {¶ 5} The Clerk of Courts released approximately $42,000 from the parties' joint account to Blaugrund, Herbert Martin, Attorney Farlow's law firm. Those monies were deposited into the firm's IOLTA account. Blaugrund, Herbert Martin subsequently released approximately $33,500 from the IOLTA account to a trust fund established for the parties' children. Via Judgment/Decree of Divorce filed February 25, 2000, wife was awarded the monies from both Dean Witter accounts. The decree further provided, "husband is expressly not ordered to hold [wife] harmless on the debts set forth herein, nor shall the court find [husband] in contempt for failure to pay said debts." February 25, 2000 Entry at 13.
 {¶ 6} After HNB learned of these events, it commenced legal proceedings in the Franklin County Court of Common Pleas, seeking a temporary restraining order relative to the further transfer of the Dean Witter funds against wife, Farlow, and Blaugrund, Herbert Martin. Wife subsequently entered into a voluntary settlement with HNB, and the Dean Witter funds were returned to HNB pursuant to the order of garnishment. Thereafter, on March 20, 2000, wife filed a Civ.R. 60(B) motion for relief from judgment in the instant action. Following a week long hearing, the magistrate granted wife's motion for relief and vacated the February 25, 2000 Judgment Entry/Decree of Divorce. The magistrate redetermined the allocation of marital debts, ordering husband to pay all the marital debts and hold wife harmless thereon, which included any garnishment against wife by HNB. The magistrate issued its Decision on wife's motion for relief on February 23, 2001.
 {¶ 7} Husband filed objections to the magistrate's decision, which the trial court overruled via Judgment Entry filed March 29, 2002. On that same day, the trial court issued a Judgment Entry/Decree of Divorce, incorporating the changes recommended by the magistrate. It is from these judgment entries husband appeals, raising the following assignments of error:
 {¶ 8} "I. The trial court erred and abused its discretion in overruling husband's first objection to the magistrate's decision filed on February 23, 2001 and refusing to reject the magistrate's recommendation that the February 25, 2000 judgment entry/decree of divorce be vacated.
 {¶ 9} "II. The trial court erred to the prejudice of husband and abused its discretion in its finding that wife is entitled to relief from judgment under civil rule 60(B).
 {¶ 10} "III. The trial court erred and abused its discretion in overruling husband's second objection to the magistrate's decision filed on February 23, 2001 and imputing income of $50,000 to husband for purposes of calculating child and spousal support.
 {¶ 11} "IV. The trial court erred to the prejudice of husband and abused its discretion in ordering husband to pay child support in the amount of $916.00 per month effective June 1, 2001.
 {¶ 12} "V. The trial court erred to the prejudice of husband and abused its discretion in ordering husband to pay spousal support in the amount of $200.00 per month effective January 1, 2002 for 120 months.
 {¶ 13} "VI. The trial court erred to the prejudice of husband and abused its discretion by preserving the arrearages under the temporary orders.
 {¶ 14} "VII. The trial court erred and abused its discretion in overruling husband's fourth objection to the magistrate's decision filed on February 23, 2001 insofar as it ordered husband to hold wife harmless on all marital debts.
 {¶ 15} "VIII. The trial court erred and abused its discretion in allocating all marital debts to husband and none to wife.
I, II
 {¶ 16} Because husband's first and second assignments of error are interrelated, we shall address said assignments together. In his first assignment of error, husband maintains the trial court erred and abused its discretion in overruling his first objection to the magistrate's February 23, 2001 Decision, and adopting the magistrate's recommendation to vacate the February 25, 2000 Judgment Entry/Decree of Divorce. In his second assignment of error, husband submits the trial court erred and abused its discretion in granting wife's Civ.R. 60(B) motion for relief from judgment. Specifically, husband takes issue with the trial court's finding wife was entitled to relief from judgment under Civ.R. 60(B) on the grounds of mistake. We agree.
 {¶ 17} Civ.R. 60(B) provides, in pertinent part: "(a) On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 18} A party seeking relief from a default judgment pursuant to Civ.R. 60(B) must show (1) the existence of a meritorious defense, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is timely filed. See GTE Auto. Elec., Inc. v. ARCInd., Inc. (1976), 47 Ohio St.2d 146.
 {¶ 19} In granting wife's motion for relief, the trial court found, "wife was mistaken that the $75,661.64 could ever be paid to her in the first place * * * as such was still subject to the garnishment order of the Franklin County Court of Common Pleas and could not be transferred in contravention of that order." The trial court concluded this mistake on wife's part entitled her to relief from judgment. Wife argues she entered into the settlement agreement in February, 2000, on the condition she would receive the funds from the Dean Witter accounts, free and clear of HNB's garnishment order.
 {¶ 20} At the February 22, 2000 hearing, the following exchange regarding the Dean Witter accounts occurred:
 {¶ 21} "THE COURT: * * * Item 3.5, wife gets the $31,000 and the $42,000. Is that your understanding, Amy?
 {¶ 22} "AMY KIEHBORTH: Yes.
 {¶ 23} "THE COURT: Obviously, you agree to that one. Is that your understanding of the agreement, David?
 {¶ 24} "DAVID KIEHBORTH: Yes.
 {¶ 25} "MS. FARLOW [Attorney for wife]: Mrs. Kiehborth has communicated to me the fact that if that does not happen, the agreement is not an agreement, as far as she is concerned.
 {¶ 26} "THE COURT: On the 3.5, it should be stated for the record that the court is going to have the $42,000 that's in the clerk's office, the first thing tomorrow, or whenever the court can get it's hands on it, tomorrow afternoon. They are signing a judgment entry, preparing and signing a judgment entry releasing that money to Amy; and the $31,000 is coming. That will be done. Amy's position is if she doesn't get those two checks, that she is not reaching an agreement on anything. So, it's kind of like a blanket decision. The timing is such that, hopefully, that won't be a problem. It will all be done as quickly as it is filed.
 {¶ 27} "That's something that's not in David's control; that's something that if that happens, if Amy has the money, the case is over. If she doesn't get the money, then we have to rethink everything.
 {¶ 28} "MS. SOVA [Attorney for Husband]: Could we make note that it was my understanding based on the discussions that we have had outside of this room, and I know that was discussed, and I thought the final condition was that the funds will be released by the court, and Mr. Kiehborth. What happens to them thereafter, the agreement is not contingent upon —
 {¶ 29} "THE COURT: It's contingent upon the money being released to her. Once the funds are in her hands, the contingency is completed.
 {¶ 30} "MS. SOVA: That's good.
 {¶ 31} "THE COURT: Cool." Tr. of February 22, 2000 Hearing at 1264-1265.
 {¶ 32} The dialogue unequivocally reveals the only condition on the settlement agreement regarding these funds was the payment of said monies to wife. Once the Clerk of Courts transferred the money to wife's attorneys, the condition was met. There is nothing in the record which affirmatively demonstrates wife was to receive those funds free and clear of any claims by HNB. At the time she entered into the agreement, wife was aware of HNB's garnishment order. This, coupled with the fact the only condition to the settlement agreement was that the funds be released to her, belies wife's claim of mistake, and the trial court's granting her relief from judgment on these grounds was inappropriate. Furthermore, the fact wife followed the advise of her counsel, and such advise later proved less than ideal, does not support the granting of a motion for relief from judgment. It is well established, "A party may not use Civ.R. 60(B) to circumvent the terms of a settlement agreement simply because, with hindsight, he or she has thought better of the agreement which was entered into voluntarily and deliberately." See, generally,Knapp v. Knapp (1986), 24 Ohio St.3d 141, 145, * * * ; Crouser v.Crouser (1988), 39 Ohio St.3d 177, 180." Tsangaris v. Tsangaris (1997), 7th App. No. 94CA1126.
 {¶ 33} Because wife made a voluntary, deliberate choice to enter into the settlement agreement, we find the trial court erred in granting her motion for relief from judgment.
 {¶ 34} Husband's first and second assignments of error are sustained.
III, IV, V, VI, VII, VIII
 {¶ 35} In light of our disposition of husband's first and second assignments of error, we need not address husband's remaining assignments of error.
 {¶ 36} The March 29, 2002 Judgment Entry/Ruling on Objections and the March 29, 2002 Judgment Entry/Decree of Divorce are vacated, and the February 25, 2001 Judgment Entry/Decree of Divorce is hereby reinstated.
By: Hoffman, P.J.; Farmer, J. concurs Edwards, J. concurs separately.
Topic: error granted 60(B) on grounds of mistake.
[1] It appears from the record Dean Witter had not released these funds to the Clerk of Courts at the time of the final settlement agreement.