OPINION
{¶ 1} Appellant Deborah Jean Thomas is appealing the judgment of the Mahoning County Court of Common Pleas, Domestic Relations Division, overruling her Civ. R. 60(B) motion to vacate her dissolution from her husband, Appellee Kelly Norman Thomas. Appellant is particularly concerned about the spousal support provision of the separation agreement, which required Appellee to pay her $300 per month in spousal support for three years. Appellant contends that this was much lower than it should have been, and that she was coerced or defrauded into executing the dissolution decree and the separation agreement. Appellant more specifically argues that she was surprised by how much her husband was actually making at the time of the dissolution, that she was coerced into trusting her husband's attorney for all the preparation for the dissolution, and that she was under severe mental strain when the dissolution occurred. The trial court held an extensive hearing on the Civ. R. 60(B) motion, and determined that Appellant did not satisfy any of the five possible bases for relief found in Civ. R. 60(B). The record indicates that Appellant was fully aware of her husband's income because she signed their joint tax returns. There is nothing in the record establishing that Appellee's attorney was attempting to represent both parties in the dissolution, and in fact, Appellant had consulted her own attorney about obtaining a divorce prior to the dissolution proceedings. Finally, the record does not show that Appellant was under such undue mental duress that she could not competently enter into a dissolution. The judgment of the trial court is affirmed.
 HISTORY OF THE CASE *Page 2 {¶ 2} On March 8, 2007, the parties filed a petition for dissolution of marriage in the Mahoning County Court of Common Pleas, Domestic Relations Division. The parties were married on June 11, 1988, and none of their children were minors at the time the petition was filed. A separation agreement was attached to the petition. The parties had been separated since May 1, 2006.
 {¶ 3} The court held a hearing on April 16, 2007. Appellee was represented by counsel at the hearing, but Appellant acted pro se. After the hearing, the court granted the dissolution and incorporated the separation agreement into the dissolution that same day.
 {¶ 4} On May 16, 2007, Appellant, now through her separate counsel, filed a motion to vacate pursuant to Civ. R. 60(B). Appellant argued that her husband had taken advantage of her alleged weakened mental condition and fraudulently convinced her to agree to an inequitable separation agreement. In her attached affidavit she claimed that she was under mental duress because one of her sons was serving in the military in Iraq, while another son was under indictment for aggravated murder with a death specification. She stated that she was being treated for anxiety and depression when she signed the separation agreement. She averred that her husband convinced her to rely on his personal attorney to represent both of them during the dissolution. She also asserted that her husband promised to give her emotional and financial support after the dissolution, regardless of the terms of the separation agreement, but that he has not done so. *Page 3 
 {¶ 5} The court held a hearing on the motion to vacate on June 21, 2007 and filed findings of fact and conclusions of law on June 28, 2007. The judgment entry overruling Appellant's motion to vacate was filed on July 17, 2007. This appeal followed on August 15, 2007. We note that Appellant did not file a direct appeal of the April 16, 2007, Decree of Dissolution. The only appeal in this matter concerns the trial court's decision to overrule the Civ. R. 60(B) motion to vacate.
 {¶ 6} Appellee has not responded to this appeal. Pursuant to App. R. 18(C), we may accept Appellant's statement of the facts and issues as correct and reverse the judgment of the trial court if Appellant's brief reasonably appears to sustain such action.
 ASSIGNMENT OF ERROR {¶ 7} "WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT WIFE'S MOTION TO VACATE DUE TO THE FACT THAT APPELLANT WAS NOT ENTITLED TO RELIEF PURSUANT TO THE FACTORS ENUMERATED IN REVISED CODE SECTION 60(B)(1)-(5)."
 {¶ 8} In order to prevail on a Civ. R. 60(B) motion, the movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElec, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 150-151,351 N.E.2d 113. All *Page 4 
three elements of the test must be met to prevail on the motion.Strack v. Pelton (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914. A trial court's ruling on a Civ. R. 60(B) motion is reviewed only for abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122. Abuse of discretion refers to a decision that is unreasonable, arbitrary, or unconscionable. Id. at ¶ 13. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, 614 N.E.2d 748.
 {¶ 9} Approximately half of Appellant's brief in this appeal is focused on whether she had a meritorious claim or defense to present if the motion to vacate were to be granted. This is the first requirement of GTE Automatic Elec, Inc. We note that the trial court specifically found that Appellant had a possible meritorious claim or defense. The decision to overrule the motion to vacate was based, instead, on Appellant's failure to satisfy one of the five factors listed in Civ. R. 60(B)(1)-(5), which is the third prong of the GTE Automatic Elec,Inc. test. Thus, only those sections of the brief dealing with the third prong of GTE Automatic Elec, Inc. are relevant to this appeal.
 {¶ 10} Appellant argues that she should be entitled to relief under Civ. R. 60(B)(1), (3), or (5), which provide relief based on:
 {¶ 11} "(1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * (5) any other reason justifying relief from the judgment." *Page 5 
 {¶ 12} Under Civ.R 60(B)(1), referring to mistake, inadvertence, surprise and excusable neglect, Appellant contends that she was surprised by the income figures her husband used on the financial affidavit submitted on March 7, 2007. The affidavit states that Appellee's projected income for 2007 would be $56,888, whereas his actual income from 2006 was $73,792. Appellant contends that she is entitled to Civ. R. 60(B) relief due to this surprise.
 {¶ 13} The trial court determined that Appellant should not have been surprised by the income discrepancy. The record reveals that Appellant was aware of how much her husband earned in 2006 because she was at the accountant's office when they filed their joint 2006 tax return. Appellant admitted that she reviewed the tax return and that she personally signed the return before it was filed. Appellee also testified that both parties reviewed the financial affidavits before they signed them. The tax return reflected that the parties jointly earned over $101,000, which included over $70,000 for Appellee. The record also indicates that Appellee worked overtime hours in 2006 that he did not expect to work in 2007, and thus, his projected income for 2007 was considerably lower than his actual income for 2006. Appellee testified that his employer, General Motors at Lordstown, was expecting to reduce its workforce and that there was no promise of any overtime work being available. Appellee testified that he shared all of this information with Appellant during their discussions about obtaining a dissolution.
 {¶ 14} Under Civ. R. 60(B)(3), referring to fraud, misrepresentation, or misconduct, Appellant argues that Appellee committed fraud or misconduct by *Page 6 
representing to her that his attorney could handle the dissolution proceedings for both of them. Appellant contends that she was asked to help pay the attorney fees for Appellee's attorney Patricia Morris, and that she thought Attorney Morris was representing both of them.
 {¶ 15} Fraud is generally defined as a knowing misrepresentation of the truth which another person justifiably relies upon to his or her detriment. Burr v. Bd. of Cty. Commrs. of Stark Cty. (1986),23 Ohio St.3d 69, 491 N.E.2d 1101, paragraph two of the syllabus.
 {¶ 16} The record does not reflect that Appellee engaged in any type of fraud. The record does not indicate that Appellant was asked to pay Attorney Morris' fees, and reflects that Appellant, in fact, did not pay anything toward those attorney fees. Appellee specifically testified that he never asked Appellant to pay for any of Attorney Morris' fees. The record also shows that Appellant signed an "Affidavit (Waiver of Counsel)" form clearly indicating that Attorney Morris was representing only Appellee, and was not representing both of them. (3/7/07 Affidavit.) The record also reveals that Appellant met and spoke many times with her own attorney, Charles Dunlap, in the summer of 2006 about obtaining a divorce from Appellee. (Tr., p. 84). She consulted with Attorney Dunlap about every aspect of the divorce, including possible spousal support. (Tr., pp. 84-85.) Appellant chose not to utilize Attorney Dunlap's services during the subsequent dissolution proceedings. Appellee testified that Attorney Morris made clear to Appellant that she was not representing her in the dissolution proceedings. (Tr., p. 221.) *Page 7 
 {¶ 17} Appellant contends that Appellee committed misconduct by taking advantage of her alleged weakened mental condition to convince her to sign the separation agreement. Appellant testified that she did not consider herself to be mentally ill, but that she was affected by stress and depression that could only be eased by Appellee. (Tr., p. 66.)
 {¶ 18} The trial court found that while Appellant was prescribed a minimal dose of medication for depression and anxiety, she did not have any suicidal thoughts, she was never admitted to any psychiatric hospital, and she failed to present any expert evidence regarding her mental state or condition. The trial court found that Appellant was competent when she discussed the separation agreement with her husband, when she signed the separation agreement, and when she attended the dissolution hearing, as well as when she signed her affidavit in support of the Civ. R. 60(B) motion to vacate.
 {¶ 19} Appellant also contends that Appellee committed misconduct by terminating health care benefits that she received as his spouse through his employment, and also prevented her from obtaining coverage under the Consolidated Omnibus Budget Reconciliation Act (usually referred to as COBRA). This was not mentioned in Appellant's motion to vacate as a basis for the court to grant the Civ. R. 60(B) motion. There is nothing in the separation agreement dealing with continued health care benefits, and Appellee testified that he was required by his employer to remove Appellant from his employer-provided health care coverage. To *Page 8 
the extent that this information is at all relevant, it is not appropriately raised for the first time in this appeal.
 {¶ 20} Finally, under the catch-all provision of Civ. R. 60(B)(5), Appellant argues that terms of spousal support contained in the separation agreement are inequitable and that the trial court should have vacated the dissolution for that reason alone. This Court has previously held that:
 {¶ 21} "[A] party may not use Civ. R. 60(B) to circumvent the terms of a settlement agreement simply because, with hindsight, he or she has thought better of the agreement which was entered into voluntarily and deliberately. See generally Knapp v. Knapp (1986), 24 Ohio St.3d 141,145, 493 N.E.2d 1353; Crouser v. Crouser (1988), 39 Ohio St.3d 177, 180,529 N.E.2d 1251. While Knapp and Crouser dealt with the more specific issue of whether the `no longer equitable' language of Civ. R. 60(B)(4) is available to obtain relief from the terms of a settlement agreement, the rationale used by the court is equally applicable here; that is, the principle of finality of judgments weighs heavily against allowing parties to be relieved from calculated, deliberate choices. SeeKnapp, supra, at 145, 493 N.E.2d 1353; Crouser, supra, at 180-181, 529 N.E.2d 1251." Tsangaris v. Tsangaris (July 9, 1997), 7th Dist. No. 94-C.A.-126, at *3.
 {¶ 22} The record indicates that there was a full and fair dissolution hearing on April 16, 2007, and that Appellant was competent to enter into the dissolution and execute the separation agreement on that date. The record also indicates that the trial court gave a full and fair hearing to Appellant's motion to vacate. The trial judge *Page 9 
in this matter acted as the trier-of-fact, and was in the best position to weigh the testimony and other evidence presented at the June 21, 2007 hearing. Seasons Coal Co., Inc. v. City of Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273. The trial judge apparently believed Appellee's testimony and found Appellant's less credible. The trial court determined that none of the five bases for relief set forth in Civ. R. 60(B)(1)-(5) were satisfied, and the record fully supports the trial court's conclusion. The trial court had discretion in whether or not to grant the Civ. R. 60(B) motion, and no abuse of discretion has been established in this appeal. Therefore, the judgment of the trial court is affirmed.
 Donofrio, J., concurs. Vukovich, J., concurs. *Page 1