OPINION *Page 2 
{¶ 1} Defendant-appellant Bryan Harrold appeals from the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, which overruled his motion for relief from judgment and found him in contempt. Plaintiff-appellee Cynthia Harrold, nka Smythe, cross-appeals asserting the trial court erred in limiting the scope of the contempt order.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married on June 10, 1978. One child was born during the marriage, Brianne Lynn Harrold, on March 5, 1989. The parties filed for a dissolution of the marriage on March 29, 1990.
 {¶ 3} The dissolution petition states, in relevant part:
 {¶ 4} "Petitioner, Bryan D. Harrold, states that he has been advised of his right to obtain counsel in this matter, that he has also been advised that it is advisable to do so to adjust the property rights of the parties, and that he has elected not to secure personal counsel, and to proceed with the dissolution and separation agreement."
 {¶ 5} The settlement agreement was attached to the petition and provides:
 {¶ 6} "The parties mutually consent and agree that they shall pay all expenses and costs for the education of the minor child of the parties, by each party paying one-half (1/2) of such costs in a college, university and/or school of higher learning or training during the time the child is in attendance."
 {¶ 7} Both parties signed the petition and settlement agreement on October 13, 1989. Although the parties had agreed on the terms, the documents were drafted by Cynthia's attorney Whitney Ake. *Page 3 
 {¶ 8} On May 17, 1990, a final hearing[1] was conducted and the dissolution was granted. The dissolution decree states:
 {¶ 9} "* * * [B]oth parties appeared before the Court at said hearing, and acknowledged under oath that they voluntarily entered into the Separation Agreement appended to the petition, and sought dissolution of their marriage, and that the facts set forth in the petition are true.
 {¶ 10} "IT IS ORDERED and ADJUDGED that the marriage of the parties is dissolved, and the Settlement Agreement is approved and incorporated as part of this Decree."
 {¶ 11} Over the next seventeen years, the parties returned to court on numerous occasions to modify visitation, child support, health care coverage and reallocation of parental rights. Several cross-motions for contempt related to child support, visitation and parental communication also were litigated between the parties.
 {¶ 12} Pertinent to this appeal, Cynthia filed a motion for contempt on October 4, 2007, alleging that Bryan failed to pay one-half of the costs and expenses of Brianne's first quarter enrollment at Ohio University of approximately $3,160.
 {¶ 13} On November 27, 2007, Bryan filed a motion for relief from judgment pursuant to Civ. R. 60(B)(4) and (5). He sought to be relieved of the obligation to provide for his daughter's college education.
 {¶ 14} An evidentiary hearing was held on December 3, 2007, on both the motions. Both parties testified at the hearing. *Page 4 
 {¶ 15} On December 12, 2007, the trial court issued a judgment entry denying the motion for relief from judgment and found Bryan in contempt of the college education provision. Bryan was granted the opportunity to purge the contempt by reimbursing education expenses including tuition and book expenses within 60 days, as well as paying ongoing tuition fees and book expenses on an ongoing basis and reimbursing Cynthia $2,250 in attorney fees and costs within 60 days.
 {¶ 16} Bryan appeals and raises three Assignments of Error:
 {¶ 17} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING HIS MOTION FOR CIVIL RULE 60(B) RELIEF. SAID DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 18} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT PERMITTING APPELLANT'S COUNSEL TO ELICIT EVIDENCE ON THE AMBIGUITY AND GROSS UNFAIRNESS OF THE COLLEGE EDUCATION PROVISION IN THE SEPARATION AGREEMENT.
 {¶ 19} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING APPELLANT IN CONTEMPT AND ORDERING HIM TO PAY APPELLEE'S ATTORNEY FEES AND COSTS."
 {¶ 20} Cynthia cross-appeals and raises one assignment of error:
 {¶ 21} "I. THE TRIAL COURT ERRED IN DEFINING "ALL EXPENSES AND COSTS" FOR THEIR DAUGHTER'S EDUCATION TO INCLUDE TUITION AND BOOKS, WHEN IT SHOULD ALSO HAVE INCLUDED ROOM AND BOARD." *Page 5 
 I. {¶ 22} In his first assignment of error, Bryan claims the trial court erred and abused its discretion in refusing to grant relief from the college education provision pursuant to Civ. R. 60(B)(4) or (5) and said refusal was against the manifest weight of the evidence.
 {¶ 23} A motion for relief from judgment under Civ. R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 24} Civ. R. 60(B) states in pertinent part:
 {¶ 25} "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken. * * *." *Page 6 
 {¶ 26} A party seeking relief from judgment pursuant to Civ. R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ. R. 60(B)(1)-(5); and (3) the motion must be timely filed." GTEAutomatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20, 520 N.E.2d 564; Argo Plastic Prod. Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328.
 {¶ 27} In his Civ. R. 60(B) motion, Bryan bases his request for relief upon 60(B)(4) ("the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application"); and/or 60(B)(5) ("any other reason justifying relief from the judgment"). Appellant attached an affidavit to his motion indicating that he had signed the October 13, 1999, separation agreement but thereafter he consulted attorney Lee Sinclair who reviewed the document and proposed two changes to the document, including the deletion of the college education provision. He further states:
 {¶ 28} "I appeared in Court on the hearing date unrepresented and indicated to Attorney Whitney Ake that I would not proceed with a Dissolution of Marriage unless the two referenced provisions where stricken from the Separation Agreement.
 {¶ 29} "At that time the original Separation Agreement was renegotiated by myself and my former wife and interlineated changes and amendments were made that were approved of as indicated by the initials placed along side said amendments. *Page 7 
 {¶ 30} "* * *
 {¶ 31} "Subsequent to the modifications made (sic), we proceeded to the hearing where the Separation Agreement, as amended, was presented to the Court, adopted and approved.
 {¶ 32} "Subsequent to the hearing, I never received a copy of a Decree of Dissolution of Marriage nor a copy of the amended Separation Agreement or any other Separation Agreement for that matter, until October 2007 when I obtained a copy from the Court subsequent to the filing of a Motion for Contempt which had been filed against me."
 {¶ 33} Affidavit of Bryan Harrold, dated November 21, 2007.
 {¶ 34} In response, Cynthia submitted her affidavit in which she stated, as follows:
 {¶ 35} " * * * [A]t no time did I agree to delineate or remove this clause [college education provision] from the Separation Agreement and Decree of Dissolution of Marriage. Furthermore, I did not initial any document removing this clause from our Separation Agreement and Decree of Dissolution."
 {¶ 36} Affidavit of Cynthia Smythe, dated December 3, 2007.
 {¶ 37} At hearing, the parties testified consistently with their affidavits. Attorney Ake did not testify at the hearing. Bryan proffered the testimony of Attorney Sinclair, however, it is undisputed Attorney Sinclair was not present at the final hearing. Bryan also conceded upon cross-examination that prior to 2007 he had submitted copies of the divorce decree for loans and to obtain a marriage license upon his remarriage. T. at 36, 39. He also admitted to not paying any portion of Brianne's invoice from Ohio *Page 8 
University. The purported amended settlement agreement was admitted into evidence as Defendant's Exhibit B.
 {¶ 38} We must note the record in this matter fails to indicate an amended settlement agreement was ever presented, approved or filed with the trial court since the filing of the dissolution petition in March, 1990. We further note the decree of divorce filed on May 17, 1990 specifically references the separation agreement appended to the petition and not a subsequently modified separation agreement. Likewise, there is no transcript in the record of the final dissolution hearing. As a result, the resolution of this issue turns upon the credibility of the parties.
 {¶ 39} Upon careful review, we find the trial court acted within its discretion to overrule the motion. It was within the trial court's province as the trier of fact to accept or reject Bryan's version of the events leading to the final hearing. In addition, we find the trial court's decision is supported by some competent, credible evidence. Cynthia testified she did not make any changes to the separation agreement in May, 1990 or initial the deletion of the college education provision as reflected in the purported amended settlement agreement. (T. at 18). The record reflects the only settlement agreement approved by the trial court was the settlement agreement attached to the petition filed on March 29, 1990 which contained the college education provision.
 {¶ 40} Bryan further agues under the provisions of Civ. R. 60(B)(4) and (5) that the terms of the college education provision are inequitable and that the trial court should have vacated this provision for that reason alone.
 {¶ 41} "[A] party may not use Civ. R. 60(B) to circumvent the terms of settlement agreement simply because, with hindsight, he or she has thought better of the *Page 9 
agreement which was entered into voluntarily and deliberately. See generally Knapp v. Knapp (1986), 24 Ohio St.3d 141, 145,493 N.E.2d 1353; Crouser v. Crouser (1988), 39 Ohio St.3d 177, 180,529 N.E.2d 1251. While Knapp and Crouser dealt with the more specific issue of whether the `no longer equitable' language of Civ. R. 60(B)(4) is available to obtain relief from the terms of the settlement agreement, the rationale used by the court is equally applicable here [under Civ. R. 60(B)(5)]; that is, the principle of finality of judgments weighs heavily against allowing parties to be relieved from calculated, deliberate choices. Knapp, supra, at 145, 493 N.E.2d 1353;Crouser, supra, at 180-181, 529 N.E.2d 1251." Thomas v. Thomas, 7th Dist. No. 07 MA 140, 2008-Ohio-6209, at ¶ 21, quoting Tsangaris v.Tsangaris (July 9, 1997), 7th Dist. No. 94-C.A.-126 at *3.
 {¶ 42} The record reflects that a dissolution hearing was held on May 17, 1990, and there is no evidence that Bryan was incompetent to enter into the dissolution and execute the separation agreement on that date. The parties abided by and litigated the terms of the settlement agreement over the next 17 years and at no time did Bryan contest the college education provision. The record also indicates the trial court afforded both parties a full evidentiary hearing on the motion to vacate. The trial court was within its discretion to enforce the settlement agreement and reject Bryan's argument that it is only his moral obligation to support his daughter's college education. The trial court also was within its discretion to determine the motion for relief from judgment was not filed within a reasonable period of time.
 {¶ 43} The first assignment of error is overruled. *Page 10 
 II. {¶ 44} In his second assignment of error, Bryan maintains the trial court erred and abused its discretion in not permitting his testimony to establish the college education provision is ambiguous and grossly unfair because it obligates Bryan in perpetuity to pay for any college classes taken by his daughter.
 {¶ 45} At hearing, the following exchange occurred during the redirect examination of Bryan:
 {¶ 46} "Q: Do you realize that if your seventy-years old (70), and your daughter is fifty years old (50), and takes a college class, that you would have to pay for the cost of her education?
 {¶ 47} "Atty Hauritz: Objection.
 {¶ 48} "The Court: Sustained.
 {¶ 49} "A. Wasn't aware of that."
 {¶ 50} T. at 50.
 {¶ 51} Cynthia contends the trial court properly sustained the objection because such testimony is irrelevant. She contends Bryan's sole basis for the motion for relief from judgment was the alleged failure to remove the college education provision at the final dissolution hearing, not the fairness of the provision. Even if Bryan had properly raised the fairness argument under Civ. R. 60(B), Cynthia posits it is the trial court's responsibility to interpret any ambiguous settlement agreement terms.
 {¶ 52} Bryan counters the evidence is relevant to his intent in not agreeing to be bound to pay for his daughter's college education at all, let alone for perpetuity. He further notes that the IRS has limited a parent's "moral" obligation to pay for a college *Page 11 
education up to the age of 24 barring unusual circumstances such as a student with a disability who is not able to be self-supporting, citingIn re Groves, 323 B.R. 216, 229 (Bankr. N.D. Ohio).
 {¶ 53} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Jones, 5th
Dist. App. 2007CA00276, 2008-Ohio-5085, ¶ 54.
 {¶ 54} We agree with Cynthia that the "fairness" of the college education provision was not mentioned in Bryan's motion to vacate as basis for the trial court to grant the Civ. R. 60(B) motion or in Bryan's affidavit in support thereof. Even assuming relevancy to Bryan's claim that the parties intended to remove the college education provision, we cannot conclude the trial court abused its discretion in sustaining an objection to a question which called for a legal conclusion based upon a hypothetical situation.
 {¶ 55} The second assignment of error is overruled.
 III. {¶ 56} In the third assignment of error, Bryan argues the trial court erred and abused its discretion in finding Bryan in contempt and awarding attorney fees to Cynthia in the amount of $2,250.
 {¶ 57} The decision of whether to find one in contempt of court rests in the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. Wadian v. Wadian, 5th App. No. 2007 CA 00125, 2008-Ohio-5009, ¶ 12. Likewise, we review a trial court's decision regarding attorney fees in a contempt action for an abuse of discretion. Id. at ¶ 24. *Page 12 
 {¶ 58} Specifically, Bryan argues the trial court failed to make specific findings of fact, despite his request to do so under Civ. R. 52, as to the following:
 {¶ 59} "A specific finding indicating the evidence upon which the Court relied in determining the amount of Attorney fees awarded to Plaintiff's Attorney, including but not limited to the Attorney's hourly rate and the number of hours expended by the Attorney in prosecuting the contempt action.
 {¶ 60} "A finding indicating how many hours the Attorney expended in defending the Plaintiff's Motion for Relief from Judgment and his hourly rate charged.
 {¶ 61} "A finding as to whether or not the Plaintiff's initials are placed next to the provision requiring payment for education, which paragraph was crossed out as indicated in Defendant's exhibit.
 {¶ 62} "A finding as to whether or not the Defendant was ever served with a copy of the Decree of Dissolution and Separation Agreement incorporated therein."
 {¶ 63} Defendant's Request for Findings of Fact, filed December 19, 2007.
 {¶ 64} By entry filed January 2, 2007, the trial court denied Bryan's request, stating:
 {¶ 65} "The Judgment Entry filed December 12, 2007, contains findings of fact pursuant to Civil Rule 52. Evidence of the Plaintiff's attorney fees, hourly rate and time is contained in Attorney Hauritz' fee statement which was admitted as an exhibit. The Defendant's request for additional findings of fact are denied."
 {¶ 66} Civ. R. 52 provides, in part:
 {¶ 67} "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open *Page 13 
court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law. * * *" (Emphasis added.)
 {¶ 68} Recently, this Court reaffirmed in Truex v. Truex, 5th Dist. App. 2008CA00018, 2008-Ohio-5690, that the provisions of Civ. R. 52 are mandatory when questions of fact are determined by the court without a jury. We also recognized a trial court may substantially comply with Civ. R. 52 where its judgment adequately explained the basis for the decision. Id. at ¶ 27. "The purpose of separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned error. * * * If the [trial] court's ruling or opinion, together with other parts of the trial court's record, provides an adequate basis upon which an appellate court can decide the legal issues presented, there is * * * substantial compliance" with the procedural rule requiring the court to make separate findings of fact and conclusions of law. Abney v. Western Res.Mut. Cas. Co. (1991), 76 Ohio App.3d 424, 431, 602 N.E.2d 348, 352. The test for determining whether a trial court's opinion satisfies the requirements of Civ. R. 52 is whether the contents of the opinion, when considered together with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented. Werden v.Crawford (1982), 70 Ohio St.2d 122, 124, 24 O.O.3d 196, 197-198,435 N.E.2d 424, 425-426. Findings and conclusions "must articulate an adequate basis upon which a party can mount a challenge to, and the *Page 14 
appellate court can make a determination as to the propriety of, resolved disputed issues of facts and the trial court's application of law." Kroeger v. Ryder (1993), 86 Ohio App.3d 438, 442, 621 N.E.2d 534,536." Id.
 {¶ 69} After reviewing the record and judgment entry of December 12, 2007, we find both provide this Court with a sufficient basis from which we can make a determination as to whether the trial court's ruling on the issue of contempt and award of attorney fees was an abuse of discretion.
 {¶ 70} Here, we find that competent, credible evidence supports the trial court's contempt finding. Bryan admitted he has not paid, and in fact has refused to pay, any of Brianne's costs and expenses at Ohio University. The decree references the separation agreement attached to the petition which included the college education provision. His claim that he did not know the college education provision remained in the separation agreement was unsuccessful.
 {¶ 71} Therefore, based upon this evidence, we find that the trial court did not abuse its discretion when it found Bryan in contempt.
 {¶ 72} The trial court further ordered Bryan to pay Cynthia's attorney fees. The record includes a fee statement from Cynthia's attorney in the total amount of $2,250 for 14.2 hours at $150/hour and court costs of $90. The fee statement is detailed as to date, task, and time incurred by the attorney in relation to the contempt motion and evidentiary hearing. As stated earlier, the trial court held a combined hearing on both the contempt motion and motion for relief from judgment. Since the facts underlying both motions were interrelated, it would be difficult to separate the time spent on each motion at hearing. Judicial economy also would dictate the motions be heard together. *Page 15 
 {¶ 73} Upon review, the record contains sufficient information to substantiate an award of attorney fees in the amount of $2,250.
 {¶ 74} The third assignment of error is overruled.
 Cross-Appeal l. {¶ 75} As stated earlier, the trial court granted Bryan the opportunity to purge the contempt finding by "reimbursing education expense costs including tuition and books within 60 days as well as paying on-going tuition fees and book expenses on an ongoing basis". Judgment Entry, December 12, 2007.
 {¶ 76} Cynthia asserts the trial court erred in limiting the purge condition to tuition and book expenses as the separation agreement states the parties agreed to share "all expenses and costs" of Brianne's college education which includes room and board and other expenses. Cynthia contends the college education is not ambiguous and therefore it was unnecessary for the trial court to interpret the provision to only require Bryan to pay for tuition and books. She submits the trial court must give effect to the plain and ordinary meaning of the express terms of the agreement.
 {¶ 77} On the other hand, Bryan argues the agreement does not specify that room and board is to be paid and the trial court properly ruled it should not add those terms to the separation agreement.
 {¶ 78} A separation agreement is a contract and is subject to the same rules of construction as other contracts. Forstner v. Forstner (1990)68 Ohio App.3d 367, 372. 588 N.E.2d 285.
 {¶ 79} "When a clause or term in a separation agreement is ambiguous, it is the trial court's responsibility to interpret it. In re Marriageof Seders (1987), *Page 16 42 Ohio App.3d 155, 156, 536 N.E.2d 1190. The trial court has broad discretion to clarify ambiguous language and may consider the intent of the parties and equities involved. Musci v. Musci, 9th Dist. No. 23088, 2006-Ohio-5882, at ¶ 42. But when the terms of a separation agreement are clear and unambiguous, the words used must be given their plain and ordinary meaning and a court must give effect to the agreement's express terms. Wittstein v. Wittstein, 12th
Dist. No. CA2006-03-013, 2006-Ohio-6707, at ¶ 8." Gratzmiller v.Gratzmiller, 7th Dist. No. 06-JE-42, 2007-Ohio-4987. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." Kelly v. Medical LifeIns. Co. (1987), 31 Ohio St.3d 130, 509 N.E.2d 411, at paragraph one of the syllabus. The agreement must be read literally and the trial court cannot add or subtract terms from the contract. Key v. Key, 12th Dist. No. CA99-08-020.
 {¶ 80} Upon review, we find the term "all expenses and costs" for the education of Brianne at a college is unambiguous. Likewise, there is no express or implied language in the separation agreement limiting the term. For example, no mention is made as to whether she must attend a public or private institution; whether it must be an in-state or out-of-state college; or that it is limited to tuition or books.
 {¶ 81} In this case, we agree the trial court erred in limiting the term "all expenses and costs" to only tuition and book expenses. The separation agreement is broader in its terms, as it clearly states all expense and costs. Generally, the items reasonably associated with a college education include tuition, room and board, instructional fees and books.
 {¶ 82} The cross-assignment of error is sustained. *Page 17 
 {¶ 83} The cause is remanded to the trial court for proceedings consistent with this opinion.
 Delaney, J. Hoffman, P.J. and Edwards, J. concur. *Page 18 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed, in part; reversed in part and cause remanded for proceedings consist with said Memorandum-Opinion. Costs assessed to the Appellant/Cross-Appellee.
[1] Judge Julie A. Edwards presided over the final hearing as a judge of the Stark County Court of Common Pleas, Domestic Relations Division. The parties have consented to Judge Edward's participation on this appeal. *Page 1