[Cite as *Hupp v. Hupp*, 2015-Ohio-3594.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bryan Hupp, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 14AP-755 |
| v. | : | (C.P.C. No. 08DR-09-3556) |
| Julia Hupp, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 3, 2015

*Anthony W. Greco* and *Lisa K. Meier*, for appellee.

*Julia Hupp*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

DORRIAN, J.

{¶ 1} Defendant-appellant, Julia Hupp ("appellant"), appeals pro se from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a motion to terminate spousal support filed by plaintiff-appellee, Bryan Hupp ("appellee"), a motion for contempt filed by appellee, and appellee's request for attorney fees. Because we conclude that competent, credible evidence supported the trial court's decision on the motion to terminate spousal support, and because the trial court did not abuse its discretion by granting the motion for contempt or request for attorney fees, we affirm.

{¶ 2} Appellant and appellee were married on April 6, 1985, in Columbus, Ohio. Appellant filed a complaint for divorce on September 9, 2008, and the trial court issued a final divorce decree on February 7, 2011, with an effective date of December 15, 2010. The

final divorce decree incorporated by reference a separation agreement and addendum to the separation agreement executed by appellant and appellee. As relevant to this appeal, the separation agreement provided that appellant would refinance two specified properties owned by the parties within two years from the date of execution of the separation agreement and that appellee would contemporaneously execute a quitclaim deed for each of those properties. The parties executed the separation agreement on April 28, 2010. The addendum to the separation agreement provided that appellee would pay appellant spousal support of $1,500 per month. The addendum further provided that the spousal support obligation would terminate on the death of either party, appellant's remarriage, appellant's cohabitation with an unrelated adult male, or after a period of 12 years.

{¶ 3}  On March 30, 2012, appellee moved to terminate spousal support, asserting that appellant was cohabitating with an unrelated male named Paul Uttermohlen ("Uttermohlen"). Appellant also requested an award of attorney fees related to the motion to terminate spousal support. On May 9, 2012, appellee moved for contempt against appellant, asserting that appellant failed to comply with the court's order regarding the refinancing of properties as provided in the separation agreement. Appellant also requested an award of attorney fees related to the motion for contempt.

{¶ 4}  A magistrate of the domestic relations court conducted a hearing on November 5, 2012. At the hearing, appellant testified regarding a home she owned located at 5437 Taylor Lane, Hilliard, Ohio ("the Taylor Lane property"). Appellant testified that she purchased the Taylor Lane property in March 2011 and moved into the home shortly after the purchase. Appellant testified that she intended to live at the Taylor Lane property with her father; her father moved in and out of the house several times but ultimately moved out due to illness. Uttermohlen testified that he moved into the Taylor Lane property in May 2011. Appellant testified that she moved out of the Taylor Lane property sometime after May 13, 2011 but was unable to provide a specific day or month. Appellant and Uttermohlen testified that Uttermohlen signed a lease and began paying rent for the Taylor Lane property in August 2011. Uttermohlen testified that he did not pay for utilities for the property, despite the fact that the written lease required him to pay those expenses. Appellant asserted that Uttermohlen reimbursed her with cash for the

utility payments that she made. Appellant and Uttermohlen testified regarding other expenses Uttermohlen paid for the Taylor Lane property, including new paint and carpet. Appellant and Uttermohlen also testified regarding vacations they had taken together and the payment of expenses for those vacations. Appellant also testified regarding her efforts to refinance the two properties as required by the separation agreement. The magistrate also heard testimony from multiple other witnesses regarding appellee's claim that appellant cohabitated with Uttermohlen. The witnesses included Brandon Hupp, who is appellant and appellee's adult son, Alise Price, who is the guardian ad litem for Uttermohlen's minor child, and appellee.

{¶ 5} Following the hearing, the magistrate issued a decision finding that appellant and Uttermohlen lived together at the Taylor Lane property for at least five months and that they shared expenses and comingled finances. Therefore, the magistrate concluded that appellee proved appellant had cohabitated with an unrelated male and granted the motion to terminate spousal support. The magistrate also granted the motion for contempt and awarded attorney fees to appellee. Appellant filed objections to the magistrate's decision, and the trial court issued a judgment entry denying appellant's objections.[1]

{¶ 6} Appellant appeals from the trial court's judgment, assigning four errors for this court's review:

> I. The trial court erred in terminating Plaintiff-Appellee['s]obligation to pay spousal support
>
> II. The trial court erred in finding the Defendant-Appellant in contempt for failure to refinance 2 parcels of real estate as ordered in the parties' Divorce Decree.
>
> III. The trial court erred in awarding Plaintiff-Appellee attorney Fees.
>
> IV. The trial court erred in granting the divorce without the Defendant-Appellant or her attorney's signature.

---

[1] Appellee also filed objections to the magistrate's decision, asserting that the magistrate erred in calculating the date on which spousal support should terminate and in calculating the repayment period for reimbursement of overpayments of spousal support. Appellee also objected to the amount of attorney fees the magistrate awarded to him. The trial court denied appellee's objections to the magistrate's decision, and appellee has not appealed these issues to this court.

{¶ 7}   In her first assignment of error, appellant asserts that the trial court erred by terminating appellee's obligation to pay spousal support. While appellant did not cite any specific standard of review, appellee argues that the trial court's decision is subject to review for abuse of discretion. However, the cases cited by appellee in support of the abuse-of-discretion standard involved questions of whether a trial court properly awarded spousal support or awarded the appropriate amount. By contrast, in this case, the parties' separation agreement expressly provides that spousal support shall terminate in the event of the death of either party, appellant's remarriage, appellant's cohabitation with an unrelated adult male, or after 12 years. The trial court concluded that appellant cohabitated with an unrelated adult male and, therefore, pursuant to the terms of the separation agreement, terminated appellee's obligation to pay spousal support. Thus, the appropriate question on review is whether the trial court erred by finding that appellant cohabitated with an unrelated male.

{¶ 8}   This court has previously held that "[c]ohabitation is a question of fact for the trier of the facts, and, if the trial court's decision is supported by some competent, credible evidence going to all the essential elements of the issue, it will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Fuller v. Fuller*, 10 Ohio App.3d 253, 254 (10th Dist.1983). *See Thurston v. Thurston*, 10th Dist. No. 99AP-741 (Apr. 20, 2000) ("Whether a particular living arrangement constitutes cohabitation is a question of fact in each case."); *Thomas v. Thomas*, 76 Ohio App.3d 482, 486 (10th Dist.1991) ("[C]ohabitation is a question of fact best settled by the trial court."). *See also Fox v. Fox*, 12th Dist. No. CA2013-08-066, 2014-Ohio-1887, ¶ 29 ("[A]n appellate court will not overturn a trial court's finding regarding cohabitation as long as it is supported by some competent, credible evidence."). Therefore, we must consider whether the trial court's decision was supported by competent, credible evidence.

{¶ 9}   This court previously relied on *State v. Williams,* 79 Ohio St.3d 459, 465 (1997), as instructive when determining cohabitation in the context of spousal support. *Barclay v. Barclay*, 10th Dist. No. 97APF07-902 (Dec. 11, 1997). In *Williams*, the Supreme Court of Ohio considered the definition of cohabitation in the context of domestic violence charges. The Supreme Court held that the essential elements of cohabitation are the sharing of familial or financial resources and consortium. *Williams* at

465.  The Supreme Court further held that factors establishing consortium could include fidelity, affection, society, solace, comfort, aid of each other, and conjugal relations. *Id.* In addition to *Williams*, this court's *Barclay* decision also relied on the Sixth District Court of Appeals decision in *Moell v. Moell*, 98 Ohio App.3d 748 (6th Dist.1994). The court in *Moell* considered the definition of cohabitation in the context of termination of spousal support and held that courts should consider three principal factors in determining whether cohabitation exists: (1) actual living together, (2) of sustained duration, and (3) shared expenses with respect to financing and daily incidental expenses. *Id.* at 752. In *Thurston*, this court again relied on the factors discussed in *Williams* and *Moell*.

{¶ 10} The magistrate in this case concluded that appellant lived with Uttermohlen at the Taylor Lane property for a period of at least five months, thus satisfying the requirements of actual living together for a sustained duration.[2]  The magistrate noted that appellant purchased the Taylor Lane property under an FHA mortgage, which required owner occupancy, and that appellant received a property tax discount because the property was classified as owner-occupied. Appellant testified that she moved into the Taylor Lane property shortly after she purchased it in March 2011; Uttermohlen testified that he moved into the Taylor Lane property in May 2011. The magistrate noted that appellant offered conflicting testimony as to when she moved out of the Taylor Lane property, at various times testifying that it was sometime after May 13, 2011, and also testifying that it was before December 2011, but never providing a specific date. The magistrate also cited testimony from Uttermohlen that he intended to reside at the Taylor Lane property with appellant, and testimony from both appellant and Uttermohlen that they shared the first floor bedroom at the Taylor Lane property for an unspecified period of time. The magistrate referred to testimony indicating that appellant had personal belongings and furniture at the Taylor Lane property during autumn of 2011. Brandon

---

[2] In the decision overruling objections to the magistrate's decision, the trial court stated that the evidence showed that appellant and Uttermohlen lived together for 18 months. After reviewing the transcript, it appears that the magistrate's five-month calculation was based on an incorrect reading of the guardian ad litem's testimony. The guardian testified that she conducted a home visit in September 2012 and concluded that appellant lived at the Taylor Lane property. However, in his decision, the magistrate stated that the home visit was conducted in September 2011. The trial court correctly referred to the visit as occurring in September 2012 in the decision overruling objections to the magistrate's decision and concluded that appellant had cohabitated with Uttermohlen for at least 18 months.

Hupp testified that he went to the Taylor Lane property in autumn 2011 to watch a football game and saw appellant's personal belongings and furniture in the home at the time. The magistrate also relied on testimony from Alise Price, the guardian ad litem for Uttermohlen's daughter, who testified that it was her impression that, as of September 2012, appellant lived in the Taylor Lane property with Uttermohlen.

{¶ 11} With respect to sharing expenses, the magistrate noted that Uttermohlen purchased paint, lawn supplies, carpet, and a refrigerator for the Taylor Lane property. The magistrate cited testimony asserting that Uttermohlen did not begin paying rent until August 2011, and that his rental payment was less than half of appellant's mortgage payment on the property. The magistrate found that there was inconsistent testimony as to whether Uttermohlen or appellant paid for utilities at the Taylor Lane property. The magistrate concluded that there was evidence that appellant and Uttermohlen shared expenses for vacations and meals, as well as repairs and mortgage costs for the Taylor Lane property. Based on this evidence, the magistrate concluded that appellant and Uttermohlen had comingled finances and shared expenses.

{¶ 12} The trial court overruled appellant's objection that the magistrate erred in finding that appellant cohabitated with an unrelated adult male. With respect to the question of whether appellant and Uttermohlen lived together, the trial court cited the inconsistent testimony from appellant and Uttermohlen, as well as the testimony of the guardian ad litem. The trial court cited the equivocal testimony regarding repair and improvement expenses, the inconsistent testimony regarding payment of utilities, and the evidence that Uttermohlen paid a reduced rental rate in concluding that appellant and Uttermohlen were also sharing expenses.

{¶ 13} On appeal, appellant now claims that she moved out of the Taylor Lane property on June 24, 2011, and cites to portions of the testimony purporting to support the proposition that she did not live there after that date. However, appellant did not testify during the proceedings below that she moved out on June 24, 2011. Although she can identify selected portions of the testimony supporting her claim that she did not live together with Uttermohlen at the Taylor Lane property, a more complete review of the transcript indicates that the testimony from both appellant and Uttermohlen was equivocal and contradictory on the issue of when they shared the home.

{¶ 14} Appellant's primary argument appears to be that the guardian ad litem's testimony was based on inadmissible hearsay statements made by Uttermohlen's minor child. The guardian ad litem testified regarding her visit to the Taylor Lane property and her conclusion that appellant lived at the property with Uttermohlen. In response to a question from the magistrate, the guardian admitted that her conclusion was based on a statement from Uttermohlen's minor child indicating that appellant's possessions had to be quickly moved out of the home before the guardian's visit. Assuming without deciding that this portion of the guardian's testimony constituted inadmissible hearsay, there was other competent, credible evidence going to all the essential elements of cohabitation to support the trial court's conclusion. The guardian's testimony constituted a brief portion of the hearing; testimony from multiple other witnesses and documentary evidence addressed the issues of whether appellant and Uttermohlen lived together and shared finances. Both appellant and Uttermohlen indicated that they shared the home for at least some period during the spring of 2011. Further, testimony from Brandon Hupp supported the conclusion that appellant and Uttermohlen continued living together at the Taylor Lane property into autumn of 2011. Similarly, there was testimony and evidence regarding payment of expenses for repairs, utilities, and rent at the Taylor Lane property that supported the court's conclusion that appellant and Uttermohlen shared finances. Therefore, the trial court's decision that appellee demonstrated cohabitation was not against the manifest weight of the evidence.

{¶ 15} Accordingly, we overrule appellant's first assignment of error.

{¶ 16} Appellant's second assignment of error asserts that the trial court erred by granting appellee's motion for contempt. "Contempt is a disregard of, or disobedience to, an order or command of judicial authority." *Sansom v. Sansom*, 10th Dist. No. 05AP-645, 2006-Ohio-3909, ¶ 22. An appellate court reviews a trial court's determination of contempt proceedings for abuse of discretion. *Hopson v. Hopson*, 10th Dist. No. 04AP-1349, 2005-Ohio-6468, ¶ 9. An abuse of discretion occurs when a trial court's decision is "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 17} The separation agreement, which was incorporated by reference into the final divorce decree, expressly provided that appellant would refinance the existing

mortgages on two specified properties within two years from the date of execution of the separation agreement. The parties executed the separation agreement on April 28, 2010. At the hearing, appellant admitted that she had not begun the process of refinancing the properties until after the motion for contempt was filed. Appellant testified that she believed the refinancing was required within two years from the date the divorce was finalized, rather than two years from the execution of the separation agreement. Appellant also claimed that appellee prevented the refinancing by refusing to sign the necessary closing documents. However, in response to a question from the magistrate at the hearing, appellant admitted that she was unaware of the correct timeframe for refinancing the properties and, other than that lack of awareness, nothing prevented her from refinancing the properties. Under these circumstances, we cannot conclude that the trial court's decision was unreasonable, arbitrary, or unconscionable by finding that appellant was in contempt of the clear language of the separation agreement.

{¶ 18} Accordingly, we overrule appellant's second assignment of error.

{¶ 19} In her third assignment of error, appellant argues that the trial court erred by awarding appellee attorney fees. We review an award of attorney fees for abuse of discretion. *Bittner v. TriCounty Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991). Generally, "[u]nless the amount of [attorney] fees is so high or so low as to shock the conscience, an appellate court will not interfere." *Id.* In his brief to the magistrate, appellee argued that he should be awarded approximately $50,000 in attorney fees related to the costs of the litgation. The magistrate ordered appellant to pay $500 in attorney fees and $150 in filing fees related to the contempt motion, and $2,000 in attorney fees related to the motion to terminate spousal support. The trial court found that the magistrate's award was equitable and appropriate. In her brief on appeal, appellant fails to specifically explain why the magistrate's award constituted an abuse of discretion. Nevertheless, the amount awarded was not such as would shock the conscience, and, therefore, the trial court did not abuse its discretion.

{¶ 20} Accordingly, we overrule appellant's third assignment of error.

{¶ 21} Finally, in appellant's fourth assignment of error, she asserts that the trial court erred by issuing the divorce decree without the signature of appellant or her attorney. The trial court issued the final divorce decree on February 7, 2011. Generally,

appeals must be filed within 30 days after the entry of an order. App.R. 4(A). Appellant filed an appeal from the divorce decree on March 9, 2011, but that appeal was ultimately dismissed for failure to prosecute on August 10, 2011. *Hupp v. Hupp*, 10th Dist. No. 11AP-231 (Aug. 10, 2011) (Journal Entry of Dismissal). Appellant filed her notice of appeal from the judgment entry granting the motion to terminate spousal support on September 25, 2014. This was well beyond 30 days after the original divorce decree of February 7, 2011, and thus her attempt to use this appeal as an appeal from the divorce decree is untimely.

{¶ 22} Accordingly, we overrule appellant's fourth assignment of error.

{¶ 23} For the foregoing reasons, we overrule appellant's four assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

TYACK and BRUNNER, JJ., concur.

_____