COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| DIANE S. HOFFER | : | JUDGES: |
|  | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Petitioner 1-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2023-0081 |
| DANIEL C. HOFFER | : |  |
|  | : |  |
| Petitioner 2-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County Court of Common Pleas, Case No. DC2013-0935

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      July 11, 2024

APPEARANCES:

For Appellee

ROSE M. FOX
Fox Law Office
233 Main Street
Zanesville, OH 43701

For Appellant

BRIAN W. BENBOW
Benbow Law Offices
803 Taylor Street
Zanesville, OH 43701

*Gwin, P.J.*

{¶1} Appellant Daniel Hoffer appeals the October 4, 2023 judgment entry of the Muskingum County Court of Common Pleas, Domestic Relations Division. Appellee is Diane Hoffer.

*Facts & Procedural History*

{¶2} Appellant and appellee filed a petition for dissolution of their marriage on October 18, 2013. In the petition, the parties stated they "signed a Separation Agreement and Shared Parenting Plan, which [are] attached and incorporated." The separation agreement was attached to the petition, and was executed by the parties on September 13, 2013.

{¶3} Article Three of the Separation Agreement is entitled "Spousal Support," and provides as follows:

Husband shall pay Wife spousal support in the amount of $697.16 per month plus processing, until July 1, 2014, then Husband shall pay the sum of $998.58 until June 1, 2018, then Husband shall pay the sum of $1,300 per month for a period of ten (10) years or until the Wife remarries or dies. Said spousal support shall be made payable directly to the Wife, until a dissolution or divorce is filed with the Court, then said spousal support shall be made to the Muskingum County Child Support Enforcement Agency, 1830 East Pike, P.O. Box 9, Zanesville, Ohio 43702-00009.

{¶4} Article Eleven of the Separation Agreement is entitled "Implementation of Agreement," and states: "[u]pon the execution of this Agreement * * * all payments required under the terms of this Agreement shall commence."

{¶5} The trial court issued a judgment entry dissolving the marriage on December 9, 2013. In the judgment entry, the trial court stated that "[p]etitioners upon examination, under oath, each voluntarily entered into the Separation Agreement embodied in the Petition; each Petitioner is satisfied with the terms of the Separation Agreement as set forth herein; and each Petitioner desires to have the marriage dissolved." The trial court approved and validated the separation agreement.

{¶6} On April 21, 2023, appellant filed a motion for relief from judgment and motion to terminate spousal support, arguing the "Spousal Support" section of the separation agreement is ambiguous as to both the term of spousal support and what event may trigger the termination of spousal support. Appellant stated his motion for relief from judgment was made pursuant to 60(B)(2), based upon newly-discovered evidence. Further, his motion to terminate spousal support was based upon the trial court's broad discretion to resolve the allegedly ambiguous separation agreement. Appellant's motion did not contain a request for an evidentiary hearing.

{¶7} The trial court set the case for a pre-trial on September 5, 2023. Upon motion of appellee, the trial court continued the pre-trial to September 13, 2023. After the pre-trial was held, the trial court set appellant's motion for a non-oral hearing on October 3, 2023.

{¶8} On September 28, 2023, appellant filed an "Amended Motion for Relief from Judgment and Motion to Terminate Spousal Support." Appellant again stated he was entitled to relief from the spousal support obligation due to appellee's cohabitation and because his spousal support obligation ended in February of 2024. Appellant argued in his amended motion that the "Spousal Support" section of the separation agreement is

ambiguous, and that he is entitled to relief pursuant to Civil Rule 60(B)(4) due to newly-discovered evidence and equity.  Appellant's amended motion did not contain a request for an evidentiary hearing.

{¶9} Appellee filed a memorandum in opposition to appellant's motion on October 2, 2023.

{¶10} The trial court issued a judgment entry on October 4, 2023, denying appellant's motion for relief from judgment and motion to terminate spousal support.  The trial court found as follows:  appellant's Civil Rule 60(B)(2) motion was filed more than one year after the date of the divorce decree; the trial court does not have jurisdiction to vacate or modify the award of spousal support because the decree does not contain a reservation of jurisdiction to modify the award; since it is undisputed that appellee remains unmarried and the plain language of the separation agreement establishes only appellee's "remarriage or death" as grounds for termination, there is no ambiguity; the terms of the separation agreement are unambiguous as to the length and amount of spousal support; the time periods for the varying support amounts are clearly delineated and each time period coincides with an increased amount of support; and the upward deviation in spousal support coincides with the emancipation of each of the parties' two minor children and termination of child support awards.

{¶11} Appellant appeals the October 4, 2023 judgment entry of the Muskingum County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶12} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AS A MATTER OF LAW BY FINDING THE LANGUAGE OF THE SEPARATION AGREEMENT

WAS CLEAR AND UNAMBIGUOUS WHEN THE LANGUAGE USED WAS CAPABLE OF AT LEAST TWO REASONABLE INTERPRETATIONS AND WHICH LANGUAGE CONTAINED INTERNAL INCONSISTENCIES. APPELLANT'S SPOUSAL SUPPORT OBLIGATION CAN BE REASONABLY INTERPRETED AS HAVING NO END DATE; AN END DATE IN 2024, AN END DATE OF SEPTEMBER 13, 2023, OR AN END DATE IN 2028. THE TRIAL COURT WRONGFULLY APPLIED THE LONGEST DURATION AVAILABLE TO IT WITHOUT HOLDING AN EVIDENTIARY HEARING.

**{¶13}** "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY REFUSING TO EVEN CONSIDER COHABITATION AS A GROUND FOR TERMINATION OF SPOUSAL SUPPORT.

**{¶14}** "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AS A MATTER OF LAW BY NOT CONDUCTING AN EVIDENTIARY HEARING TO TAKE EVIDENCE REGARDING THE AMBIGUITY OF THE SEPARATION AGREEMENT AND WHETHER APPELLEE WAS ENGAGED IN COHABITATION SO AS TO SERVE AS A GROUND TO TERMINATE SPOUSAL SUPPORT. INCOMPATIBLE TERMS IN A SETTLEMENT AGREEMENT REQUIRE AND DEMAND THE REVIEW OF EXTRINSIC EVIDENCE AS TO MUTUAL ASSENT."

I.

**{¶15}** In his first assignment of error, appellant contends the trial court committed error in finding the language of the separation unambiguous.

**{¶16}** A separation agreement is a contract and is subject to the same rules of construction as other contracts. *Harrold v. Harrold*, 2009-Ohio-600 (5th Dist.). When a clause or term in a separation agreement is ambiguous, the trial court has broad

discretion to clarify the language and interpret the agreement by considering the parties' intent and the fairness of the agreement. *Id.*

**{¶17}** However, when the terms of the separation agreement are clear and unambiguous, the words used must be given their plain and ordinary meaning and a court must give effect to the agreement's express terms. *Id.* The intent of the parties to a contract is presumed to reside in the language the parties chose to use in their agreement. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 509 N.E.2d 411 (1987). If the separation agreement is not ambiguous, the trial court may not construe, clarify, or interpret the parties' agreement to mean anything outside of that which it specifically states. *Id.* Therefore, the trial court must defer to the express terms of the contract and interpret it according to its plain, ordinary, and common meaning. *Id.* Additionally, the trial court cannot add or subtract terms from the contract. *Harrold*, 2009-Ohio-600.

**{¶18}** A written agreement does not become ambiguous simply because its operation will work a hardship on one of the parties and create an advantage for another. *Renicker v. Wardell*, 2003-Ohio-4804 (5th Dist.). The question of perceived inequity is not relevant to the issue of whether the language of the decree is ambiguous on its face. *Oberst v. Oberst*, 2010-Ohio-452 (5th Dist.).

**{¶19}** In this case, the parties' separation agreement was approved and adopted by the trial court in its judgment entry and decree. The normal rules of contract interpretation apply in interpreting a divorce decree that incorporates the parties' separation agreement. The trial court's determination as to whether a provision of a contract is ambiguous is a matter of law subject to de novo review. *Hetmanski v. Hetmanski,* 2024-Ohio-1646 (11th Dist.).

{¶20}  Appellant contends the separation agreement is ambiguous as to spousal support for two reasons: (1) while Article 11 of the agreement contains an implementation date for spousal support (the date of execution of the settlement agreement), Article 3 of the separation agreement contains no commencement date, rendering the document internally inconsistent; and (2) the term of spousal support is ambiguous because it is open to differing interpretations.

{¶21}  Upon review, we find the trial court did not commit error in finding the spousal support provisions in the separation agreement unambiguous and utilizing the plain and ordinary language contained in the agreement.

{¶22}  The record reflects that a dissolution hearing was held in 2013.  Appellant presented no evidence that he was incompetent to enter into the agreement on that date. After examining appellant under oath, the trial court found appellant voluntarily entered into the separation agreement and was satisfied with the terms of the agreement.  Article 16 of the separation agreement which appellant signed, provides "the provisions of this agreement and their legal effect have been fully explained to the parties * * * and each party acknowledges that the agreement is fair and equitable, [and] is being entered into voluntarily, and that it is not the result of any duress or undue influence."  The parties abided by the separation agreement for over nine years, and at no time did appellant contest the spousal support provision of the agreement.

{¶23}  As to appellant's argument with regard to Articles 11 and Article 3, we find the fact that Article 3 does not contain a starting date for spousal support and Article 11 does contain a starting date for spousal support (the date of the execution of the settlement agreement, which is September 13, 2013) does not render the separation

agreement ambiguous.  In his interpretation, appellant neglects to interpret or review the document as a whole.  In interpreting a contract, courts are to examine the contract as a whole and presume the intent of the parties is reflected in the language of the contract. *Hampton v. Hampto*n, 2019-Ohio-2868 (12th Dist.).  Even where a contract is unambiguous, the court's "construction of a contract should attempt to harmonize all the provisions of the document rather than to produce conflict in them."  *Id.*; *Summitcrest, Inc. v. Eric Petroleum Corp.*, 2016-Ohio-888 (7th Dist.) (court should harmonize all provisions of document); *Christe v. GMS Mgmt. Co.*, 124 Ohio App.3d 84, 705 N.E.2d 691 (9th Dist. 1997) (courts should attempt to harmonize provisions and words so that every word is given effect); *Kent State Univ. v. Bradley Univ.*, 2019-Ohio-2088 (11th Dist.); *Hetmanski v. Hetmanski*, 2024-Ohio-1646 (11th Dist.) (cannot rely on one line in isolation from the rest of the separation agreement, must consider the contract as a whole and not simply detached or isolated parts thereof).

**{¶24}** Article 3 and Article 11 do not contain two different dates for the start of spousal support; they contain only one date.  Utilizing the plain language contained in the agreement and harmonizing all the provisions rather than producing conflict in them, it is clear and unambiguous that the spousal support payments were to begin on September 13, 2013.

**{¶25}** Appellant also argues the spousal support provision of the agreement is ambiguous because the trial court's interpretation of the duration and end date of the spousal support requirement differs from his.  Appellant believes his spousal support obligation ends in 2024 because 2024 is ten years after the initial date contained in the spousal support provision of Article 3 (July 1, 2014).  He contends that since there are

two potential interpretations of the spousal support provision, the separation agreement is ambiguous.

{¶26} We disagree with appellant. The parties executed the separation agreement on September 13, 2023, triggering commencement of the required payments. The clear and plain language contained in Article 3 distinctly separates the support into three phases of support: $697.16 per month until July 1, 2014, *then* $998.58 until June 1, 2018, *then* $1,300 per month for a period of ten years or *until* Wife remarries or dies. In appellant's interpretation, the terms "then" and "until" are rendered superfluous or meaningless. Courts should avoid interpretations that render terms or phrases superfluous or meaningless. *Bates v. Bates*, 2022-Ohio-1055 (7th Dist.). Rather, these terms make clear that the three time periods are to follow one another. The time periods for the varying support amounts are clearly delineated and each time period coincides with an increased amount of support. We cannot ignore the plain language of the provisions contained in the separation agreement.

{¶27} Appellant contends that since the agreement contains no express end date or number of months, it is impossible for him to perform the contract because he does not know when his spousal support ends. Impossibility excuses performance of a contract because the contract is rendered impossible. *Lehigh Gas-Ohio, LLC v. Cincy Oil Queen City, LLC*, 2016-Ohio-4611 (1st Dist.). However, as detailed above, based upon the plain and ordinary language used in the separation agreement, it is not impossible for appellant to perform. By utilizing the plain language contained in the agreement, appellant's spousal support obligation ends in 2028, or when appellee remarries or dies.

**{¶28}** Appellant also argues the trial court committed error in failing to hold an evidentiary hearing on the issue of spousal support.  We disagree.  We first note that appellant did not request an evidentiary hearing in either his original motion or amended motion, and he did not object to the non-oral hearing when the trial court sent out notice of the non-oral hearing.  *Morgan v. Morgan*, 2001-Ohio-1437 (5th Dist.) (when appellant failed to request an evidentiary hearing, he cannot complain of error in the court's failure to hold an evidentiary hearing).  Further, it was not necessary for the trial court to issue findings of fact related to ambiguity since the separation agreement is not ambiguous.

**{¶29}** Appellant's first assignment of error is overruled.

## II. & III.

**{¶30}** In appellant's second assignment of error, he argues the trial court committed error in failing to consider cohabitation as a ground for the termination of spousal support.  In his third assignment of error, appellant contends the trial court should have held an evidentiary hearing to take evidence on and determine whether appellee was cohabitating with an unrelated male.

**{¶31}** A motion for relief from judgment under Civil Rule 60(B) lies in the trial court's sound discretion.  *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987).  A party seeking relief from judgment pursuant to Civil Rule 60(B) must show: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in 60(B)(1)-(5); and (3) the motion must be timely filed.  *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976).  A failure to establish any of those three requirements will cause the motion to be overruled.  *Rose Chevrolet v. Adams*, 36 Ohio ST.3d 17, 520 N.E.2d 564 (1988).

**{¶32}**  In his original motion to vacate, appellant based his cohabitation argument on Civil Rule 60(B)(2), arguing the "newly-discovered evidence" of appellee's cohabitation with an unrelated male was "evidence which by due diligence could not have been discovered in time to move for a new trial * * *."  In his amended motion to vacate and in his appellate brief, appellant retains the "newly-discovered evidence" language, but contends that, due to this "newly discovered evidence" and "changed circumstances," his motion should be granted pursuant to Civil Rule 60(B)(4).

**{¶33}**  As to the argument about newly-discovered evidence, the rules requires that any motion brought pursuant to Civil Rule 60(B)(2) be brought not more than one year after the judgment.  Civil Rule 60(B).  In this case, the judgment entry was entered on December 9, 2013.  Appellant's motion was made on April 21, 2023, over nine years later.  Accordingly, the trial court did not commit error in denying the Rule 60(B)(2) motion.

**{¶34}**  We similarly find appellant's argument pursuant to Civil Rule 60(B)(4) to be not well-taken.  In *Morris v. Morris*, 2016-Ohio-5002, the Ohio Supreme Court held that a trial court does not have jurisdiction under a Civil Rule 60(B) to vacate or modify a spousal-support award unless the decree complies with the statutory requirement that it contain a reservation of jurisdiction.  The Supreme Court reaffirmed this holding in *Walsh v. Walsh*, 2019-Ohio-3723, and *State ex rel. Heyside v. Calabrese*, 2023-Ohio-406 (trial court does not have jurisdiction under Civil Rule 60(B) to vacate or modify an award of spousal support when the divorce decree does not contain a reservation of continuing jurisdiction).  As in *Morris*, the trial court in this case had no unilateral authority to modify or vacate any provision of the separation agreement because neither the separation agreement nor the decree issued by the trial court adopting the separation agreement

contained a reservation of continuing jurisdiction to modify or vacate the award of spousal support. Accordingly, the trial court lacked jurisdiction to modify or vacate the spousal support award.

{¶35} Further, appellant sought relief under Civil Rule 60(B)(4), which authorizes relief when "it is no longer equitable that the judgment should have prospective application." The caselaw from the Ohio Supreme Court makes clear that even when a decree reserves jurisdiction for the court to modify the parties' agreement, "a court may not grant relief under Civil Rule 60(B)(4) or (5); rather it is limited to granting relief under Civil Rule 60(B)(1), (2), and (3) – all of which require the motion to be filed within one years from the date of judgment." *Morris*, 2016-Ohio-5002; *Walsh*, 2019-Ohio-3723. The Supreme Court explained a contrary rule would "relieve a litigant from the consequences of his voluntary, deliberate choice" to enter into an agreement, and would be "antithetical to our principle of the finality of judgments." *Id.* Accordingly, the trial court lacked jurisdiction to vacate or modify the decree.

{¶36} Appellant additionally appears to make the argument that the separation agreement is somehow ambiguous because it uses only the term "remarriage," and since the terms "remarriage" and "cohabitation" are synonymous, an ambiguity is created. We disagree.

{¶37} "Cohabitation" is defined as "the fact, state, condition, or practice of living together * * * and is the name given to the arrangement by which a man and a woman live together without being married." Black's Law Dictionary (11th ed. 2019). "Remarriage" is defined as "to marry a second or later time, after a divorce or the death of one's spouse." *Id.*

{¶38} Utilizing the plain and ordinary meaning of the words, it is clear the terms have two different definitions, and are not synonymous. There is no confusion between the two terms, as they have two different meanings. The separation agreement in this case specifically lists only "remarriage" or "death" as triggers for spousal support termination.

{¶39} We also note that the cases cited by appellant are not analogous to this case, as they are cases in which the separation agreement specifically states spousal support shall terminate upon "remarriage *or* cohabitation." *Fitz v. Fitz*, 2009-Ohio-5236 (8th Dist.) (separation agreement said "cohabitation or remarriage" may provide grounds for termination or modification of spousal support); *Graham v. Graham*, 2003-Ohio-2123 (5th Dist.) (separation agreement said spousal support would terminate if the plaintiff remarried or resided with an unrelated male); *Corey v. Corey*, 2021-Ohio-1288 (7th Dist.) (divorce decree stated spousal support was to terminate "upon remarriage or cohabitation"); *Hupp v. Hupp*, 2015-Ohio-3594 (10th Dist.) (separation agreement said spousal support would end upon remarriage or cohabitation); *Mengel v. Mengel*, 2021-Ohio-4166 (5th Dist.) (separation agreement stated spousal support award was subject to termination upon "death, marriage, or cohabitation"); *Dickerson v. Dickerson*, 6th Dist. Lucas No. L-92-386, 97 Ohio App.3d 848 (1993) (cohabitation specifically listed as reason for spousal support termination in separation agreement).

{¶40} The plain language of the separation agreement in this case clearly only contains a termination provision for remarriage, not cohabitation. The parties in this case could have chosen to include the word "cohabitation" in the separation agreement, but chose not to. When the terms of the separation agreement are clear and unambiguous,

the court cannot create a new agreement by finding an intent not expressed in the clear language employed by the parties. *Shifrin v. Forest City Enterprises, Inc.*, 64 Ohio St.3d 635, 597 N.E.2d 499 (1992).

{¶41} As to appellant's argument regarding the lack of evidentiary hearing, we again note that appellant did not request an evidentiary hearing, nor did he object to the trial court's notice that the motion was set for a non-oral hearing. Further, the trial court lacked jurisdiction to modify or vacate the spousal support portion of the decree pursuant to either Civil Rule 60(B)(2) or Civil Rule 60(B)(4). Finally, there is no ambiguity in the trigger circumstances for termination, as the only triggers for spousal support termination contained in the separation agreement are remarriage or death. It is undisputed that appellee is not remarried and is still alive. Accordingly, the trial court did not commit error in failing to hold an evidentiary hearing on the issue of cohabitation.

{¶42} Appellant's second and third assignments of error are overruled.

{¶43} Based on the foregoing, appellant's assignments of error are overruled.

{¶44}   The October 4, 2023 judgment entry of the Muskingum County Court of

Common Pleas, Domestic Relations Division, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

King, J., concur